[No. 8,295—Department Two.]
June 29, 1882.

## JOHN R. SCRANTON v. W. A. BEGOL.

MONEY HAD AND RECEIVED—ACTION FOR MORTGAGE.—The plaintiff being the equitable owner of certain land caused the same to be conveyed to the defendant as security against loss on account of a promissory note executed by the defendant, with, and as surety for, the plaintiff, and which was afterwards paid by the plaintiff. The defendant sold the property to innocent purchasers and received the purchase money.

*Held:* The plaintiff was entitled to recover the amount received after deducting expenses.

APPEAL from a judgment for the plaintiff in the Superior Court of the County of San Diego. MCNEALY, J.

The complaint in effect alleged and the Court found "That on the thirty-first day of March, 1877, the plaintiff borrowed of the Commercial Bank of San Diego, a corporation duly organized and acting under the laws of the State of California, the sum of three hundred dollars, and, jointly with the

defendant, executed a promissory note therefor to said corporation. That the defendant executed said note solely and only as security for said plaintiff. That at the time of the execution of said note the plaintiff was the owner of all the real estate described in his complaint, but that the title thereto stood of record in the Recorder's office of this county, in the name of C. R. McClellan and John Fisher, and that, for the sole and only purpose of securing the defendant against all loss or damage on account of having signed said note as surety for plaintiff, the said C. R. McClellan and John Fisher, solely at the request of plaintiff, conveyed all of said real property to the said defendant. That said conveyance was made by a deed absolute in form, and purporting on its face to grant a fee-simple title to defendant, but was only intended by the plaintiff and defendant, as a mortgage of said real property by plaintiff to defendant to secure him as aforesaid, and his becoming surety on said note was the only consideration therefor. * * * That defendant paid the interest on, and principal of, said note." That the plaintiff had sold the property to innocent purchasers for seven hundred and ninety-one dollars, etc.

The appeal was on the judgment roll and there was no bill of exceptions or statement.

*M. A. Luce,* for Appellant.

There seems to be three distinct and sufficient reasons why the transaction disclosed in this case cannot be denominated a mortgage.

1. Under our Code—C. C. § 2923—"A mortgage can be created, renewed or extended only by writing, executed with the formalities required in the case of a grant of real property." (*Porter* v. *Muller,* 53 Cal. 677.) To constitute a mortgage the transaction must be between the parties to the deed. (*Flagg* v. *Mann,* 14 Pick., 480; *Treat* v. *Strickland,* 23 Me. 234; *Warren* v. *Lovis,* 53 id. 463; *Low* v. *Henry,* 9 Cal. 538; *Payne* v. *Patterson,* 77 Pa. St. 134.)

It seems to be the rule that without a defeasance, either written or in parole, that a deed, absolute on its face, will be construed as such.

The defeasance is the essential part of a mortgage. (*Jackson* v. *Lodge*, 36 Cal. 60; 1 Jones on Mortgages, § 241.)

Had there been a defeasance in this case it must have been to the grantors Fisher and McClellan. It could not be made to the plaintiff, for he is a third party, and whatever else such an instrument can be, it is not a defeasance.

*Leach & Parker*, for Respondent.

Appellant claims, that as the conveyance was not executed by plaintiff, but by McClellan and Fisher, to him, it could not be a mortgage; and cites authorities to the effect, that where lands are conveyed by a deed absolute in form, in order to constitute the transaction a mortgage in law, there must be a defeasance to the mortgagor. The same authorities show that the rule was different in equity; and we claim that at law it has been changed by the sections of the Codes above mentioned. (See *Brinkman* v. *Jones*, 44 Wis. 498; also Jones on Mortgages, section 252.) The complaint alleges, and the Court finds that, at the date of the conveyance, plaintiff was the owner; and it matters not whether the instrument was a mortgage or deed of trust, the defendant having conveyed the property to innocent purchasers, and received the money therefor, must account to the owner.

The Court:

This is an action to recover a balance of moneys received by defendant from the sales of property of plaintiff which had been conveyed to defendant as security, after deducting amounts which defendant is entitled to retain. The findings are full as to the facts that plaintiff was the owner of the property and caused it to be conveyed to defendant as security; as to the sales by defendant and the receipt by him of the proceeds, and as to the balance in his hands belonging to plaintiff. We see no error in the record

Judgment affirmed.